IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MATTHEW BRANDT, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:05-cv-01613 (ESH) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' MOTION TO DISMISS

Under Fed.R.Civ.P. 12(b), the United States moves this Court to dismiss plaintiff's complaint, and for any further relief this Court deems just and proper. As grounds for this motion, the United States submits that plaintiff failed to properly serve the United States and failed to state a claim upon which relief can be granted.

A brief in support of this motion and a proposed order are submitted.

Date: October 28, 2005

Respectfully submitted,

/s/ Pat S. Genis

PAT S. GENIS, #446244
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, D.C. 20044
Telephone: (202) 307-6390

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

1376028.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MATTHEW BRANDT, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:05-cv-01613 (ESH) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT'S MOTION TO DISMISS**

This is a civil action in which plaintiff alleges that, beginning with tax year 1999 the Internal Revenue Service (IRS) disregarded various provisions of the Internal Revenue Code.

**STATEMENT**

Plaintiff, LaVern Koerner, filed this complaint on August 11, 2005. No summons was issued as to the United States. The complaint alleges that "in connection with the collection of Federal tax beginning with 'tax year' 1999", the IRS "disregarded and continue [sic] to disregard provisions" of the Internal Revenue Code. (Compl. I.)

**ARGUMENT**

This case must be dismissed because plaintiff has not served the United States Attorney for the District of Columbia nor the United States Attorney General, and because he has not alleged any facts which state a claim upon which relief can be granted.

1.    <u>Plaintiff Failed to Properly Serve the United States; Accordingly, This Court Lacks Jurisdiction.</u>

Service upon the United States, its agencies, or employees, is governed by Fed.R.Civ.P. 4(i), and is effected by: (1) delivering a copy of the summons and complaint to the United States attorney for the district in which the action is brought, or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney; and (2) by sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, DC; and (3) by sending a copy of the summons and complaint by registered or certified mail to the officer, employee and/or agency of the United States being sued.  Fed.R.Civ.P. 4(i); <u>Relf v. Gasch</u>, 511 F.2d 804 (D.C. Cir. 1975); <u>Hodge v. Rostker</u>, 501 F.Supp. 332, 332 (D.D.C. 1980).

Failure to properly serve the United States, its agencies and employees, deprives the Court of personal jurisdiction, leaving the Court with no power to compel an answer or response.  <u>Rabiolo v. Weinstein</u>, 357 F. 2d 167, 168 (7th Cir. 1966); see also <u>Insurance Corp. of Ireland v.  Compagnie des Bauxites de Guinee</u>, 456 U.S. 694, 715 n.6 (1982) (Powell, J. concurring).  A jurisdictional defect of this sort is fatal to maintenance of an action.  <u>Bland v. Britt</u>, 271 F. 2d 193 (4th Cir. 1959).  Accordingly, courts routinely dismiss actions when service is improper.  See <u>Light v. Wolf</u>, 816 F. 2d 746, 750 (D.C. Cir. 1987).  Once a defendant challenges the sufficiency of service of process, the party alleging adequate service of process has the burden of proving that such service was

1376028.1

proper. See <u>Myers v. American Dental Ass'n</u>, 695 F. 2d 716, 725 n.10 (3d Cir. 1982); <u>Familia De Boom v. Arosa Mercantil, S.A.</u>, 629 F. 2d 1134, 1139 (5th Cir. 1980).

In this case, there is no indication that plaintiff served anyone. The docket indicates that no summons was issued as to the United States. Plaintiff's failure to serve the United States deprives this Court of jurisdiction and entitles the United States to a dismissal of plaintiff's complaint as a matter of law under rule 4(i).

2.    <u>Plaintiff Has Failed to State a Claim</u>.

Plaintiff's complaint is legally insufficient, and should be dismissed under Fed.R.Civ.P. 12(b)(6). A complaint need only set forth a short and plain statement of the claim that gives the defendant fair notice of the claim and grounds upon which it rests. Fed.R.Civ.P. 8(a). But, a court should dismiss a complaint when the plaintiff can prove no set of facts in support of his claim that would entitle the plaintiff to relief. <u>Warren v. District of Columbia</u>, 353 F.3d 36, 37 (D.C. Cir. 2004). Plaintiff has alleged <u>no</u> facts whatsoever: he does not specify the type of tax at issue, the specific tax years at issue, or the amount in dispute. Accordingly, plaintiff has failed to state a claim upon which relief can be granted.

- 3 -

## CONCLUSION

Because plaintiff has failed to properly serve the United States and to state a

claim upon which relief can be granted, his complaint should be dismissed.

Date: October 28, 2005.

                                        Respectfully submitted,

                                        /s/ Pat S. Genis
                                        _____
                                        PAT S. GENIS, #446244
                                        Trial Attorney, Tax Division
                                        U.S. Department of Justice
                                        Post Office Box 227
                                        Washington, D.C.  20044
                                        Telephone:  (202) 307-6390


OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

1376028.1