UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW BRANDT,                :<br>                                                     :<br>           Plaintiff,                    :<br>                                                     :<br>           v.                                    :     Civil Action No.  05-1613 (ESH)<br>                                                     :<br>UNITED STATES OF AMERICA,  :<br>                                                     :<br>           Defendant.                  :<br>_____ : | |

## ORDER

Defendant has moved to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6) and for lack of proper service as required by Fed. R. Civ. P. 4(i).  With respect to the lack of service, the motion must be denied at this time since plaintiff has until December 10, 2005 to effectuate service, in conformity with Rule 4(i), and to file proof of service with the Court.  If plaintiff fails to effectuate timely service, it could result in an order of dismissal for failure to prosecute under Rule 41(b).

With respect to defendant's motion to dismiss this action under Fed. R. Civ. P. 12(b)(6), defendant claims that plaintiff has not provided sufficient facts to state a claim.  The complaint, brought under 26 U.S.C. § 7433, sets forth an adequate basis to survive a Rule 12(b)(6) motion.  *See* Complaint ¶ 7.  However, defendant would be correct to assert that the complaint fails to provide adequate notice of a claim under Fed. R. Civ. P. 8 because it does not provide sufficient information to fashion a response.  *See* Def.'s Mot. at 4.  Rather than dismiss the complaint at this time, the Court finds it more appropriate to direct plaintiff to file a more definite statement of his claim so defendant may file a more appropriate responsive motion.

-2-

Accordingly, defendant's motion is **DENIED WITHOUT PREJUDICE** to being renewed after plaintiff files proof of service and provides a more definite statement. Plaintiff is ordered to file proof of service with the Court no later than December 10, 2005, and by that same date, he must file a more definite statement of his claim in which he specifies the specific tax years at issue, the type of tax at issue, the amount in dispute, and exactly what defendant did to "disregard any provision of this title." Plaintiff must also explain how he has exhausted his administrative remedies as required by 26 U.S.C. § 7433(d). Failure to comply with either of these orders may result in dismissal of plaintiff's complaint. If plaintiff complies with these orders, defendant may renew its motion or file any other type of responsive pleading within two weeks of receipt of plaintiff's filing.

                     s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: November 3, 2005